IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

A Major Difference, Inc., a Colorado corporation,
    Plaintiff,

vs.

Wellspring Products, LLC, a Texas limited liability company; and
Kingsley Ohenhen, a Canadian individual,

    Defendants.

## COMPLAINT WITH JURY DEMAND

A Major Difference, Inc. ("AMD"), for its Complaint against Wellspring Products, LLC ("Wellspring"), and Kingsley Ohenhen ("Ohenhen") (Ohenhen and Wellspring hereinafter collectively referred to as "Defendants"), alleges as follows:

### I. THE PARTIES

1. AMD is a Colorado corporation, having its principal place of business at 2950 South Jamaica Court, Aurora, Colorado 80014.

2. Wellspring is a Texas limited liability company, having a principal place of business at 3616 Far West Blvd., Suite 117-342, Austin, Texas 78731.

3. Ohenhen is a Canadian individual having an address of 3 Greystone Walk Drive, Suite 2230, Scarborough, Ontario M1K 5J4, Canada.

## II. JURISDICTION AND VENUE

4. This action arises under §§ 32(1) and 43(a) of the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051 *et seq.*; the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* ("CCPA"); and the common law of the state of Colorado.

5. This Court has original subject matter jurisdiction over all asserted claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 (as the amount in controversy exceeds $75,000), 1338 and 1367 (the supplemental jurisdiction statute codifying the pendent and ancillary jurisdiction doctrines).

6. This Court has personal jurisdiction over Defendants as AMD's claims arise from Defendants' regular transaction of business in this judicial district, as AMD's claims arise from Defendants' commission of tortious acts in this judicial district, and/or as AMD is being damaged in this judicial district by Defendants' tortious activities. Indeed, Defendants have intentionally and purposefully availed themselves of the privilege of doing business in the state of Colorado through the solicitation and sale in Colorado of products that compete directly with AMD's products, while utilizing trademarks that infringe upon AMD's federally registered and common law trademarks, among other things.

7. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a).

## III. GENERAL ALLEGATIONS

8. AMD is engaged in the business of, among other things, the sale of therapeutic products. These products include ionization footbaths and accessories for hydrotherapy and

   detoxification purposes. These footbath products and accessories are sold throughout Colorado and the United States.

9. AMD markets its footbath products and accessories in a number of manners, including through seminar and trade show marketing, direct consumer contacts, targeted mailings, and trade magazine advertising. AMD also markets its footbath products and accessories through its websites at www.ioncleanse.com and www.amajordifference.com. True and correct copies of representative pages from AMD's websites are attached as Exhibit 1 and are incorporated herein by reference.

A. **AMD's IONCLEANSE Mark**

10. AMD, originally as Robert E. Moroney, LLC ("REM"), has marketed and sold its footbath products and accessories under and in connection with the trademark "IONCLEANSE" since at least as early as April 30, 2002 (the "IONCLEANSE Mark"). AMD now utilizes the IONCLEANSE Mark under exclusive license from REM, including the exclusive right to police unauthorized and infringing uses of the IONCLEANSE Mark.

11. The IONCLEANSE Mark is the subject of U.S. Trademark Registration No. 2797768 for "apparatus for use in connection with bathing body parts for cleansing and hydrotherapy purposes," filed January 29, 2003, and registered December 23, 2003, with claimed first use and first use in commerce dates of at least as early as April 30, 2002 (the "IONCLEANSE Registration"). A true and correct copy of the IONCLEANSE Registration is attached as Exhibit 2 and is incorporated by reference.

12. The IONCLEANSE Registration constitutes *prima facie* evidence of REM's ownership rights in and to the IONCLEANSE Mark. The IONCLEANSE Registration also evidences REM's right to exclusively use and license the IONCLEANSE Mark in commerce.

13. AMD has sold thousands of footbath products and accessories under its IONCLEANSE Mark throughout the United States, generating sales revenues in the millions of dollars annually.

14. AMD has invested substantial time, creative effort and money to develop the highly distinctive, original and successful IONCLEANSE Mark. As a result of AMD's highly distinctive and original IONCLEANSE Mark and years of superior product development and customer service, AMD has developed substantial and significant consumer recognition, trust, loyalty and goodwill in and to its IONCLEANSE Mark. Indeed, AMD's establishment and maintenance of this public recognition, trust, loyalty and goodwill has been a significant factor in AMD's financial success and growth.

15. Based on the inherently distinctive character and nature of AMD's IONCLEANSE Mark, and its continuous and uninterrupted use of the trademark for many years in interstate commerce, relevant consumers have come to associate the IONCLEANSE Mark exclusively with AMD.

16. AMD has acquired strong common law rights based on its continuous and uninterrupted use of its IONCLEANSE Mark in commerce in connection with the advertising and sale of footbath products and accessories, among other things.

**B.** **Defendants' Trademark Infringement and Other Tortious Conduct**

17. Defendants are advertising, distributing and selling footbath products and accessories that compete directly with AMD's footbath products and accessories, under and in connection

with the trademarks "IONCLEANSE," "ION CLEANSE," "IONIC CLEANSE" and other confusingly similar trademarks that incorporate the terms "ION" or "IONIC" together with "CLEANSE" or "CLEANSING."

18. Without authorization, Defendants are using the IONCLEANSE Mark, and marks confusingly similar thereto, in connection with their advertising, distribution, sale and service of footbath products and accessories on Internet websites located at the following domain names. Such unauthorized and infringing use is in the content of the websites, the content of source code for the websites, and/or in the domain names for the websites themselves:

> ioncleansedetoxspa.com, ioncleansefootspa.com, ioniccleansedetoxspa.com, ionspadistributor.com, biocleansedetox.com, biodetoxcleanse.com, bodycleansespa.com, ionbiocleanse.com, ionbodycleanse.com, ioncleansedetox.com, ioncleansedetoxer.com, ioncleansedetoxification.com, ioncleansedetoxifier.com, ioncleansedistributor.com, ioncleansefootbath.com, ioncleansefootsoak.com, ioncleansemachine.com, ioncleansespa.com, ioncleansetechnology.com, ioncleansingspa.com, iondetoxbath.com, iondetoxcleanse.com, iondetoxer.com, iondetoxification.com, iondetoxifier.com, iondetoxifying.com, iondetoxifyingcleanse.com, iondetoxifyingspa.com, iondetoxing.com, iondetoxingcleanse.com, iondetoxingspa.com, iondetoxsoak.com, iondetoxspa.com, iondetoxwash.com, ionfootcleanse.com, ionfootsoak.com, ionfootspa.com, ionfootwash.com, ionicbiocleanse.com, ionicbiocleansespa.com, ionicbodycleanse.com, ioniccleanse.com, ioniccleansedetoxer.com, ioniccleansedetoxification.com, ioniccleansedetoxifier.com, ioniccleansefootbath.com, ioniccleansefootsoak.com, ioniccleansefootspa.com, ioniccleansespa.com, ioniccleansing.com, ioniccleansingspa.com, ionicdetoxbath.com, ionicdetoxcleanse.com, ionicdetoxer.com, ionicdetoxfootbath.com, ionicdetoxfootsoak.com, ionicdetoxfootspa.com, ionicdetoxification.com, ionicdetoxifier.com, ionicdetoxifying.com, ionicdetoxifyingcleanse.com, ionicdetoxifyingspa.com, ionicdetoxing.com, ionicdetoxingcleanse.com, ionicdetoxingfootbath.com, ionicdetoxingfootsoak.com, ionicdetoxingfootspa.com, ionicdetoxingspa.com, ionicdetoxsoak.com, ionicdetoxspa.com, ionicdetoxwash.com, ionicfootbath.com, ionicfootcleanse.com, ionicfootsoak.com, ionicfootspa.com, ionicfootwash.com, ionicspacleanse.com, ionicspadetox.com,

>ionicspadetoxcleanse.com, ionicspadetoxer.com, ionicspadetoxification.com, ionicspadetoxifier.com, ionicspadistributor.com, ionicspahealth.com, ionicspamachine.com, ionicspatechnology.com, ionicwatercleanse.com, ionicwaterspa.com, ionspacleanse.com, ionspadetox.com, ionspadetoxcleanse.com, ionspadetoxer.com, ionspadetoxification.com, ionspadetoxifier.com, ionspafootbath.com, ionspafootsoak.com, ionspahealth.com, ionspamachine.com, ionspatechnology.com, ionwatercleanse.com, ioniccleansehealth.com, and ioncleansehealth.com.

For example, at the domain name www.ioncleansedetoxspa.com, Defendants display each of the domain names listed above under the heading "OTHER LINKS TO US:", as well as the following terms under the heading "LINKS TO US:"

>ion cleanse detox spa, ion cleanse foot spa, ionic cleanse detox spa, ion spa distributor, bio cleanse detox, bio cleanse spa, bio detox cleanse, body cleanse spa, detoxification spa, detox machine, ion bio cleanse, ion body cleanse, ion cleanse detox, ion cleanse detoxer, ion cleanse detoxification, ion cleanse detoxifier, ion cleanse distributor, ion cleanse footbath, ion cleanse foot soak, ion cleanse machine, ion cleanse spa, ion cleanse technology, ion cleansing spa, ion detox bath, ion detox cleanse, ion detoxer, ion detoxification, ion detoxifier, ion detoxifying, ion detoxifying cleanse, ion detoxifying spa, ion detoxing, ion detoxing cleanse, ion detoxing spa, ion detox soak, ion detox spa, ion detox wash, ion foot cleanse, ion foot soak, ion foot spa, ion foot wash, ionic bio cleanse, ionic bio cleanse spa, ionic body cleanse, ionic cleanse, ionic cleanse detoxer, ionic cleanse detoxification, ionic cleanse detoxifier, ionic cleanse foot bath, ionic cleanse foot soak, ionic cleanse foot spa, ionic cleanse spa, ionic cleansing, ionic cleansing spa, ionic detox bath, ionic detox cleanse, ionic detoxer, ionic detox foot bath, ionic detox foot soak, ionic detox foot spa, ionic detoxification, ionic detoxifier, ionic detoxifying, ionic detoxifying cleanse, ionic detoxifying spa, ionic detoxing, ionic detoxing cleanse, ionic detoxing footbath, ionic detoxing foot soak, ionic detoxing foot spa, ionic detoxing spa, ionic detox soak, ionic detox spa, ionic detox wash, ionic foot bath, ionic foot cleanse, ionic foot soak, ionic foot spa, ionic foot wash, ionic spa cleanse, ionic spa detox, ionic spa detox cleanse, ionic spa detoxer, ionic spa detoxification, ionic spa detoxifier, ionic spa distributor, ionic spa health, ionic spa machine, ionic spa technology, ionic water cleanse, ionic water spa, ion spa cleanse, ion spa detox, ion spa detox cleanse, ion spa detoxer, ion spa detoxification, ion spa detoxifier, ion spa foot bath, ion spa foot soak, ion spa health, ion spa machine, ion spa technology, ion water cleanse, ion cleanse health, and ionic cleanse health.

19. These domain names and terms are displayed at the bottom of each such website but are invisible on the computer screen because the text is displayed in white on a white background, as evidenced by the HTML source code for the website. A true and correct copy of the relevant pages from Defendants' website at www.ioncleansedetoxspa.com, along with its HTML source code, are attached hereto as Exhibit 3 and are incorporated by reference. As shown at page 16 of Exhibit 3, when the website is printed, the text is visible. Moreover, while hidden, the text on the website is still utilized by commonly-used Internet search engines.

20. The unauthorized and infringing uses of AMD's IONCLEANSE Mark, and marks confusingly similar thereto, as shown in Exhibit 3, are substantially similar to those unauthorized and infringing uses in the other websites listed above in Paragraph 18.

21. Defendants are also using the trademarks "IONCLEANSE" and "IONICCLEANSE" as metatags in the websites listed above in Paragraph 18 and as shown by example at page 17 of Exhibit 3, and the term "ION CLEAN" at Defendants' website at www.wellspringproducts.com, all without authorization from AMD. A true and correct copy of the relevant pages from the www.wellspringproducts.com website, along with its HTML source code, are attached hereto as Exhibit 4 and are incorporated by reference. These metatags, along with the HTML encoding that enables the display of the domain names and terms listed above in Paragraph 18, are also utilized by commonly-used Internet search engines.

22. Upon information and belief, Defendants' unauthorized and infringing uses of AMD's IONCLEANSE Mark, and marks confusingly similar thereto, as hidden text and metatags,

7

are intended to and actually cause at least initial interest confusion among actual and potential AMD consumers who utilize search engines to locate information about AMD and its products on the Internet. For example, a search for "ION CLEANSE" using the Yahoo search engine readily locates Defendants' websites at www.wellspringproducts.com and www.ioncleansedetoxspa.com. A true and correct copy of relevant portions of such search results is attached hereto as Exhibit 5 and incorporated by reference.

23. Ohenhen is the registered owner of each and every one of the domain names listed above in Paragraph 18, and Wellspring is the registered owner of the domain name www.wellspringproducts.com. At each and every one of those domain names, Defendants are operating a website that advertises for sale Defendants' competing footbath products and accessories. Upon information and belief, Ohenhen is responsible for the maintenance and operation of those websites, while Wellspring is responsible for completing all sales transactions originating from such websites, including all product shipments and service from its location in Texas. Indeed, as shown by example at page 67 of Exhibit 3, these websites require the addition of Texas sales tax for Texas residents.

24. Defendants' first unauthorized use of AMD's IONCLEANSE Mark, and marks confusingly similar thereto, in interstate commerce, was long after AMD had acquired its strong common law rights in and to the IONCLEANSE Mark.

25. Upon information and belief, Defendants market and sell their footbath products and accessories through the same types of distribution channels as AMD markets its footbath products and accessories, and to the same types of consumers as AMD markets its footbath products and accessories.

26. Upon information and belief, Defendants have purposefully chosen to identify themselves with AMD by use of AMD's IONCLEANSE Mark, and marks confusingly similar thereto, to more easily reach AMD's customers, penetrate AMD's market, and otherwise freeride on AMD's goodwill.

27. Defendants' misappropriation of AMD's goodwill and reputation, by unauthorized use of AMD's IONCLEANSE Mark, and marks confusingly similar thereto, was simply to provide Defendants with a proven identity and to make the sale of their products easier.

28. Defendants' actions are likely to cause confusion or mistake, or to deceive the public as to the source and quality of their products and services.

29. Defendants' continued unauthorized use of AMD's IONCLEANSE Mark, and marks confusingly similar thereto, will deceive the relevant purchasing public as to the source or origin of Defendants' products sold under and in connection with AMD's IONCLEANSE Mark.

30. Upon information and belief, Defendants' actions have been motivated exclusively by financial gain, have been taken with full knowledge of AMD's superior legal rights and are without regard to the public policy right of consumers to be free of confusion as to the source and origin of products and services.

31. At least Wellspring was put on actual notice of its unauthorized and infringing use of AMD's IONCLEANSE Mark as early as April 4, 2005, when AMD sent a cease and desist letter to Wellspring demanding that it discontinue all infringing use of AMD's IONCLEANSE Mark, as well as any confusingly similar mark, in connection with the advertising, sale and servicing of footbath products and accessories, including on its website at

www.wellspringproducts.com. In response, Wellspring claimed that it would stop using AMD's IONCLEANSE Mark but, obviously, it has not. True and correct copies of this correspondence between AMD and Wellspring are attached as Exhibit 6 and are incorporated by reference. Wellsprings' continued infringing use of AMD's IONCLEANSE Mark, after actual notice thereof, evidences a wrongful intent to trade upon AMD's goodwill and reputation.

32. On information and belief, Defendants have acted in willful and wanton disregard of AMD's rights and have willfully intended to trade upon AMD's reputation and goodwill.

### IV. FIRST CLAIM FOR RELIEF
(Section 43(a) of the Lanham Act)

33. AMD incorporates paragraphs 1 through 32 above as though fully set forth herein.

34. Defendants have promoted and sold, and continue to promote and sell in interstate commerce, footbath products and accessories in connection with AMD's IONCLEANSE Mark and marks confusingly similar thereto. In so doing, Defendants have falsely described and misrepresented their goods and services and their characteristics.

35. Defendants' actions have created a likelihood of consumer confusion as to the affiliation, connection or association of themselves with AMD and as to the origin, sponsorship or approval of Defendants' goods and services by AMD.

36. Defendants' unauthorized use of AMD's IONCLEANSE Mark, and marks confusingly similar thereto, in connection with the marketing and sale of competing footbath products and accessories is a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants adopted and continue to use AMD's IONCLEANSE Mark, and marks confusingly similar thereto, with full knowledge of AMD's superior rights, but without AMD's authorization. Defendants' tortious acts constitute willful and deliberate trademark infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of AMD's established and superior rights.

38. As a result of Defendants' unlawful actions, AMD has suffered commercial harm.

39. AMD has also been, and continues to be, harmed irreparably by Defendants' unlawful actions and has no adequate remedy at law.

## V. SECOND CLAIM FOR RELIEF
### (Section 32(1) of the Lanham Act)

40. AMD incorporates paragraphs 1 through 39 above as though fully set forth herein.

41. Defendants' unauthorized use of AMD's federally registered IONCLEANSE Mark violates 15 U.S.C. § 1114(1).

42. Defendants intentionally adopted and continue to use AMD's IONCLEANSE Mark with full knowledge of AMD's superior rights, and with full knowledge that their unauthorized use of AMD's IONCLEANSE Mark is intended to cause confusion, mistake or deception.

43. Defendants' tortious acts constitute willful and deliberate infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of AMD's established and superior rights.

44. As a result of Defendants' unlawful actions, AMD has suffered commercial harm.

45. AMD has also been, and continues to be, harmed irreparably by Defendants' unlawful actions and has no adequate remedy at law.

## VI. THIRD CLAIM FOR RELIEF
**(Violation of the CCPA)**

46. AMD incorporates paragraphs 1 through 45 above as though fully set forth herein.

47. By their actions described above, Defendants have engaged in deceptive trade practices, as defined by the CCPA, C.R.S. §§ 6-1-105(1).

48. Defendants' wrongful actions were committed with willful and wanton disregard of the laws of the state of Colorado and AMD's superior rights.

49. As a result of Defendants' unlawful actions, AMD has suffered commercial harm.

50. AMD has been and will continue to be harmed irreparably by Defendants' unlawful actions and has no adequate remedy at law.

## VII.  FOURTH CLAIM FOR RELIEF
**(State Unfair Competition)**

51. AMD incorporates paragraphs 1 through 50 above as though fully set forth herein.

52. Defendants' actions as described above have caused and are likely to cause confusion with AMD's established and superior rights and otherwise unfairly compete with AMD.  As such, Defendants' actions constitute unfair competition under Colorado common law.

53. Defendants' unlawful actions were committed with willful and wanton disregard for AMD's superior rights.

54. As a result of Defendants' unlawful actions, AMD has suffered commercial harm.

55. AMD has been and continues to be harmed irreparably by Defendants' unlawful actions and has no adequate remedy at law.

WHEREFORE, AMD prays for judgment in its favor and against Defendants as follows:

A. That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and any and all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1) any further use of AMD's IONCLEANSE Mark, or any other mark which is confusingly similar thereto, including, but not limited to, any term, mark, metatag or domain name incorporating the terms "ION" or "IONIC" together with "CLEANSE" or "CLEANSING," either alone or in combination with other terms, marks, symbols or trade dress, in connection with the advertising, distribution or sale of footbath products and accessories, or any other similar products or services;

(2) directly or indirectly using AMD's IONCLEANSE Mark, or any other mark which is confusingly similar thereto, including, but not limited to, any term, mark, metatag or domain name incorporating the terms "ION" or "IONIC" together with "CLEANSE" or "CLEANSING," either alone or in combination with other terms, marks, symbols or trade dress;

(3) any further use of any term, mark, metatag or domain name which dilutes the distinctive quality or nature of AMD's IONCLEANSE Mark;

(4) any further use of AMD's IONCLEANSE Mark, or any element thereof, as a trademark, metatag or domain name, in connection with the manufacturing, marketing or sale of footbath products or accessories, or any other similar products or services, through the Internet, retail stores, mail order catalogs or otherwise;

(5) performing any action or using any trademark, or other term, name, mark, metatag, domain name, symbol or slogan which is likely to cause confusion or mistake, or

to deceive or otherwise mislead the trade and/or the public into believing that AMD on the one hand, and Wellspring and/or Ohenhen on the other hand, are one and the same, or are in some way connected, or that AMD is the sponsor of Wellspring and/or Ohenhen, or that Wellspring and/or Ohenhen are in some manner affiliated or associated with, or under the supervision or control of AMD, or that Wellspring's and/or Ohenhen's products and/or services originate with AMD, or are connected or offered with the approval, consent, authorization, or under the supervision of AMD;

(6) importing into the United States any goods marked or labeled with AMD's IONCLEANSE Mark, or any confusingly similar mark;

(7) manufacturing, marketing or selling any product or material containing or utilizing AMD's intellectual property; or

(8) any other conduct constituting unfair competition with AMD or a violation of the Colorado Consumer Protection Act;

B. That Defendants be ordered to deliver up to AMD for destruction, or certify destruction of, all products and marketing materials that contain AMD's IONCLEANSE Mark, or any confusingly similar mark, including, but not limited to, any mark incorporating the terms "ION" or "IONIC" together with "CLEANSE" or "CLEANSING;"

C. That Defendants be ordered to transfer ownership to AMD of any and all domain names that contain AMD's IONCLEANSE Mark, or any confusingly similar mark, including, but not limited to, any domain name incorporating the terms "ION" or "IONIC" together with "CLEANSE" or "CLEANSING," and to take all necessary and appropriate actions to expedite such transfer;

    D. That the necessary and appropriate domain name registrars and registries be ordered to transfer ownership from Defendants to AMD of any and all domain names that contain AMD's IONCLEANSE Mark, or any confusingly similar mark, including, but not limited to any domain name incorporating the terms "ION" or "IONIC" together with "CLEANSE" or "CLEANSING;"

    E. That Defendants be ordered to file with the Court and serve on AMD, within thirty (30) days after the entry of an injunction, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

    F. That AMD be awarded damages in an amount to be determined at trial, including AMD's lost profits, Wellspring's and Ohenhen's profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

    G. That Defendants pay AMD a sum sufficient to cover the cost of reasonable corrective advertising to alleviate any existing confusion resulting from Defendants' unauthorized use of AMD's IONCLEANSE Mark and any other confusingly similar mark;

    H. That Defendants be ordered to account to AMD for all profits, gains and advantages which it has realized as a consequence of its unauthorized use of AMD's IONCLEANSE Mark, as well as any confusingly similar mark;

    I. That AMD be awarded enhanced damages and attorneys' fees;

    J. That AMD be awarded pre-judgment and post-judgment interest on all damage awards;

    K. That AMD be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

L. That such other and further preliminary and permanent relief be awarded to AMD as the Court deems appropriate.

**AMD DEMANDS A TRIAL BY JURY.**

DATED: January 27, 2006.

                Respectfully submitted,

                SHERIDAN ROSS P.C.

By:   s/ Benjamin B. Lieb
       Benjamin B. Lieb
          blieb@sheridanross.com
       SHERIDAN ROSS P.C.
       1560 Broadway, Suite 1200
       Denver, CO 80202-5141
       Telephone: 303-863-9700
       Facsimile: 303-863-0223
       E-mail: litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF
ROBERT E. MORONEY, LLC

Plaintiff's address:
2950 South Jamaica Court
Aurora, Colorado 80014

J:\4888\-25\complaint.wpd