IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00161-PSF-PAC

A MAJOR DIFFERENCE, INC., a Colorado corporation,

      Plaintiff,

v.

WELLSPRING PRODUCTS, LLC, a Texas limited liability company, and
KINGSLEY OHENHEN, a Canadian individual,

      Defendants.

---

## ORDER

---

**Order entered by Magistrate Judge Patricia A. Coan**

      This is a trademark case. A February 1, 2006 Order of Reference referred this

matter to the undersigned for pretrial case management.  Now before the Court is plaintiff's

Motion for Protective Order with Incorporated Certificate of Compliance with

D.C.COLO.LCivR 7.1(a), filed May 5, 2006, Doc. # 22.  Defendant Wellspring[1] has

responded and plaintiff has replied.  Oral argument would not be of material assistance.

I.

      Both plaintiff and defendant Wellspring Products, LLC sell high-end footbath

products.  The parties agree that a protective order should be entered in this case but

disagree about whether certain disclosed information should be restricted to "attorney's

---

[1]Defendant Ohenhen did not respond to the motion and, to date, no counsel has entered an
appearance on his behalf.

eyes only." Plaintiff seeks to expand the disclosure of materials under a protective order to a designated corporate representative. Wellspring contends that plaintiff's protective order is overbroad and Wellspring opposes disclosure of trade secret and proprietary or confidential financial business information to plaintiff's corporate representative. Wellspring consequently submits a narrower proposed protective order with an "attorney's eyes only" provision.

II.

Rule 26(b)(1), Fed.R.Civ.P., allows broad discovery of "any matter, not privileged, which is relevant to the claim or defense of any party." To resist discovery and upon a showing of good cause, Fed.R.Civ.P. 26(c) permits orders as justice may require "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense; further "a court may enter a protective order providing that discovery "not be had" or "be had only on specified terms and conditions...." Fed.R.Civ.P. 26(c)(1) and (2); or a court may enter an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ.P. 26(c)(7).

To carry the good cause burden under Rule 26(c)(7), a party must first establish that the information is a trade secret or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325-326 (10th Cir.1981)(internal quotations and citations omitted). If those requirements are met, the

2

burden then shifts to the party seeking discovery to establish that disclosure of a trade secret or other confidential information is relevant and necessary to the action. *Id.* Finally, the district court must balance the need for discovery of the trade secrets against the claim of injury resulting from disclosure. *Id.*

III.

There is no dispute that plaintiff and Wellspring are competitors in the business of selling "ion" footbaths. Plaintiff has claimed that Wellspring infringed on its registered trademark "Ioncleanse" by using the mark on Wellspring's website and by using the mark or a combination of the words "ion" and "clean" or "cleanse" in its website metatags. The metatags are designed so that internet search engines direct the inquirer to websites which contain the words "ion" and "clean" or "cleanse."

For an unknown period of time relevant to the complaint here, plaintiff's and defendant's websites "popped up" when a searcher used the words "ion" and "cleanse" or "clean." Plaintiff argues that some number of "hits" on the Wellspring website from such searches resulted in sales of Wellspring's product. Plaintiff contends that, among other remedies, it should have its lost profits from Wellspring's sales of footbaths and footbath products resulting from internet searches using the words "ion" and "clean" or "cleanse" or from the use of the same words or a combination of the same words or the mark itself on Wellspring's website. Accordingly, sales, pricing and profits information, customer information, marketing strategies and mechanisms, other proprietary or confidential business information, and trade secrets are probably relevant to plaintiff's

3

claims and Wellspring's defenses.  The parties have recognized that competitive harm to Wellspring could result from the disclosure of such materials.  Because the parties agree that such information should be under a protective order and that disclosure should be limited only to certain designated persons, I find that the *Centurion* test for the entry of a Rule 26(c)(7) protective order has been met.

The issue is whether the corporate representative of one company may review proprietary and confidential financial information of a direct competitor or whether the disclosure of confidential and proprietary information should be restricted to the attorneys for each party and to any outside experts or other outside persons who are necessary for the litigation of the action.

I find *Centurian, supra*, to be instructive.  There, in a trade secrets case, the Tenth Circuit upheld the magistrate's protective order, which released trade secret technical operating details to the attorney for the plaintiffs to be used only for purposes of litigation.  The order stated

> Cybernetic Systems, Inc. shall with (sic) twenty (20) days of the entry of this Order produce at its place of business in Albuquerque, New Mexico, to Charles H. Thomas, *attorney for plaintiffs*, all writings and materials relating to software or programming information of all its Mathiputer Learning Systems and shall immediately thereafter give deposition testimony concerning the technical operating details of such Systems. The information obtained *shall be treated as confidential by counsel* for plaintiffs and used only for purposes of litigation in the United States District Court for the Central District of California, 76-2628-HP.

*Centurian,* 665 F. 2d at 326, n.7(emphasis added).

The Court has reviewed plaintiff's and Wellspring's proposed protective orders.

Wellspring's proposed order is more like the attorney's eyes only order issued in *Centurian*, and adequately provides for two tiers of disclosure, depending upon the sensitivity of the information. Wellspring's order protects Wellspring's as well as plaintiff's trade secret, proprietary, and other confidential or sensitive business information from disclosure to any representative of a direct competitor. The defendant's proposed order further includes a method for designation of materials and a method to challenge that designation. Finding Wellspring's order acceptable, and plaintiff's overbroad, and potentially harmful to Wellspring because of plaintiff's intent to share the information with plaintiff's corporate representative, I will adopt Wellspring's proposed order.

IV.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that  plaintiff's Motion for Protective Order with Incorporated Certificate of Compliance with D.C.COLO.LCivR 7.1(a), filed May 5, 2006, Doc. # 22, is denied.  It is further

**ORDERED** that the attached Protective Order is made an Order of the Court this date.

Dated May 30, 2006.

By the Court:

s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00161-PSF-PAC

A Major Difference, Inc., a Colorado corporation,

     Plaintiff,

vs.

Wellspring Products, LLC, a Texas limited liability company; and
Kingsley Ohenhen, a Canadian individual,

     Defendants.

---

## PROTECTIVE ORDER

---

IT IS ORDERED:

1.   **Definitions:** The following definitions shall apply to this Order:

    a.     "Document" shall mean any original or copy of any document, record or other tangible material or thing, as further described in Fed. R. Civ. P. 34, produced by way of disclosure or in any response to any discovery request served by either party in this action, or any deposition transcript or portion of a deposition transcript or any document marked for identification at any deposition, or any exhibit or affidavit submitted in connection with this proceeding, or used at trial in this matter.

b.      "Confidential Information" shall mean any information regarded by the Disclosing Party (defined below) as confidential information, and which is subject to the restrictions applying to "Confidential Information" as set forth below.

c.      "Attorneys' Eyes Only Information" shall mean any information regarded by the Disclosing Party (defined below) as attorneys' eyes only confidential information, and which is subject to the restrictions applying to "Attorneys' Eyes Only Information" as set forth below.

d.      "Disclosing Party" shall refer to the party that claims the information or Document to be Confidential Information or Attorneys' Eyes Only Information, and that discloses or has disclosed the Confidential Information or Attorneys' Eyes Only Information to the Receiving Party (defined below).

e.      "Receiving Party" shall refer to the party that receives or has received the Confidential Information or Attorneys' Eyes Only Information from the Disclosing Party.

2.      **Designation as "Confidential" or "Attorneys' Eyes Only Information"**

a.      A party to this action may designate, in good faith, any information or Documents as Confidential Information or Attorneys' Eyes Only Information in the course of this proceeding. Such Confidential Information or Attorneys' Eyes Only Information may be provided as part of the required disclosure process, in the response to any discovery request, during deposition, as part of any filing with the Court, or as part of any trial or hearing in this matter. Such Confidential or Attorneys' Eyes Only information shall be used solely for preparation and trial of this litigation, and for no other purpose whatsoever, and shall not be

2

disclosed to any other person except in accordance with the terms set forth herein. The Disclosing Party shall only so designate any information or Documents as Confidential Information or Attorneys' Eyes Only Information if such information or Document is or contains confidential, proprietary or trade secret information, which may include, but is not limited to, technical or scientific information, pending patent applications, source code, financial information, business information, marketing information, strategic information, product development information, customer lists or information, supplier lists or information, design specifications, scientific processes or formulas, etc. Information and Documents designated as Confidential Information shall be restricted in circulation to only the persons described in Paragraph 3 below. Information and Documents designated as Attorneys' Eyes Only Information shall be restricted in circulation to only the persons described in Paragraphs 4 below.

b.      The Disclosing Party shall designate Confidential Information or Attorneys' Eyes Only Information by conspicuously marking any Documents containing such information with the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or a substantially similar designation. Any tangible items that contain Confidential Information or Attorneys' Eyes Only Information shall be marked as identified above with a tag, label or a cover sheet, if it is not practical to mark the items directly. Any Confidential Information or Attorneys' Eyes Only Information that is disclosed orally shall be orally confirmed to opposing counsel as being Confidential Information or Attorneys' Eyes Only Information at the time of disclosure and by promptly thereafter confirming in writing the disclosure as being Confidential Information or Attorneys' Eyes Only Information and

specifying the nature of the disclosure that is considered Confidential Information or Attorneys'
Eyes Only Information.

     3.     **Access to and Use of Confidential Information.**  Access to Confidential
Information and any information reflecting or embodying such Confidential Information that is
not otherwise publicly available shall be restricted to:

     a.     outside counsel for the parties and employees or representatives (*e.g.*,
copy services) of their respective firms who are actually assisting in the preparation of this
action;

     b.     one Receiving Party representative for each party with full settlement
authority, who has a need to know such information for purposes of this action, and who has
previously agreed to be personally bound by this Protective Order by executing the
Acknowledgment attached hereto as **Exhibit A,** which shall be provided to counsel for the
Disclosing Party no later than ten (10) days prior to the disclosure to such Receiving Party
representative;

     c.     outside independent experts and consultants retained by the parties or their
counsel who have a need for such information to assist in this litigation, provided that: (a) such
person is not regularly engaged in any activity that places him or her in competition with the
products or services provided the Disclosing Party; and (b) such expert or consultant has
previously agreed to be personally bound by this Protective Order by executing the
Acknowledgment attached hereto as **Exhibit A,** which shall be provided to counsel for the

Disclosing Party no later than ten (10) days prior to the disclosure to such outside independent expert or consultant;

        d.     the Court and related Court personnel; and

        e.     any other person with the prior written consent of the Disclosing Party.

Counsel shall retain all original executed Acknowledgments for their respective party. Non-testifying experts or consultants do not need to be disclosed to the other party under this section provided that they meet the qualifications set forth in this section.

        **4.**     **Access to and Use of Attorneys' Eyes Only Information.**  Copies of Attorneys' Eyes Only Information shall be maintained at the offices of plaintiff's and defendants' respective outside counsel.  Access to Attorneys' Eyes Only Information and any information reflecting or embodying such Attorneys' Eyes Only Information shall be restricted to the persons and entities identified in paragraph 3(a), (c), (d) and (e) above.

Each party's outside counsel shall maintain a log of all copies of Attorneys' Eyes Only Information Documents which are delivered to any one or more qualified person set forth in Paragraph 3(a), (c), (d) or (e) above.   Counsel shall retain all original executed Acknowledgments for their respective party.  Non-testifying experts or consultants do not need to be disclosed to the other party under this section provided that they meet the qualifications set forth in this section.

        **5.**     **Purpose of Disclosure.**  The disclosure of Confidential Information or Attorneys' Eyes Only Information is made solely for use in this action and for the purposes of this action. No person or entity subject to this Protective Order shall use such Confidential Information or

Attorneys' Eyes Only Information for any other purpose, nor shall they copy, reproduce or disclose any Confidential or Attorneys' Eyes Only Information to any other person or entity. The restrictions set forth in this Protective Order shall survive the conclusion of this action, and the Court shall retain jurisdiction of this action after its conclusion for the purposes of enforcing the terms of this Protective Order.

6.    **Failure to Designate.**    The inadvertent failure to designate Documents or information as Confidential Information or Attorneys' Eyes Only Information prior to or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate such Documents or information as Confidential Information or Attorneys' Eyes Only Information at a later time. In the event that any Confidential Information or Attorneys' Eyes Only Information is promptly designated within thirty (30) days as such after disclosure, the Receiving Party shall use all reasonable efforts to ensure that such Document or information is subsequently treated as Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Protective Order, and any persons who have had access to such disclosure shall be so instructed. If a Disclosing Party inadvertently discloses information that is privileged or otherwise immune from discovery, the Disclosing Party shall promptly request in writing that the inadvertently produced item be returned. The Receiving Party shall return the inadvertently produced item and all copies within seven (7) days of the written request. After inadvertently disclosed privileged or immune information is returned, any party may seek its production under applicable Local Rules and the Federal Rules of Civil Procedure. However, no party shall assert that the inadvertent disclosure waived any privilege or immunity.

6

7.      **Right to Challenge Status of Information.**   Nothing in this Protective Order shall prevent a party from challenging the status of a Document as Confidential Information or Attorneys' Eyes Only Information or from seeking a Court ruling permitting the disclosure of such information or Document.   Should the Receiving Party wish to make a disclosure of such Confidential Information or Attorneys' Eyes Only Information other than as provided in this Protective Order, it shall first negotiate in good faith with the Disclosing Party to resolve any dispute as to such disclosure.   In the event the parties fail to agree, the Receiving Party may apply to the Court by motion for appropriate relief.   The provisions of this Protective Order shall continue to apply until such time as the Court has issued an order permitting such disclosure and specifying the conditions for such disclosure.

8.      **Filing Under Seal.**   All documents and information that have been designated Attorneys' Eyes Only Information shall be filed pursuant to D.C.ColoLCivR 7.2.

9.      **Use by Disclosing Party.**   Nothing in this Protective Order shall prevent the Disclosing Party from using or disclosing its own Confidential Information or Attorneys' Eyes Only Information for any purpose.   Nothing in this Order shall prevent any counsel of record from utilizing Confidential Information or Attorneys' Eyes Only Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information or Attorneys' Eyes Only Information, regardless of which party produced such information.

10.     **Orders at Trial or Hearing.**   At trial or hearing in this action, the Court may enter further orders governing the use at the trial or hearing of the Confidential Information or

7

C

Attorneys' Eyes Only Information.  Unless otherwise agreed to in writing by the parties, or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

11.    **Return of Documents.**   At the conclusion of this action, all Confidential Information or Attorneys' Eyes Only Information, including all copies, excerpts, and summaries thereof shall be returned to the Disclosing Party or destroyed.  If such Confidential Information or Attorneys' Eyes Only Information is destroyed, the attorneys responsible for such destruction shall provide the Disclosing Party with a written statement certifying that such information has been destroyed.  The return or destruction of the Confidential Information or Attorneys' Eyes Only Information shall be completed within thirty (30) days of the completion of this action, including any appeals.  Notwithstanding the foregoing, counsel for any party may retain one copy of the Confidential Information or Attorneys' Eyes Only Information in its files for archival purposes only.

12.    All non-parties who produce documents in connection with this lawsuit in response to a third party subpoena or otherwise, shall be provided a copy of this Protective Order and have the right to classify documents in accordance with this Protective Order.

DATED:   26 May 2006

s/ PATRICIA A COAN
Magistrate Judge Patricia A. Coan

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00161-PSF-PAC

A Major Difference, Inc., a Colorado corporation,
        Plaintiff,

vs.

Wellspring Products, LLC, a Texas limited liability company; and
Kingsley Ohenhen, a Canadian individual,

        Defendants.

---

## ACKNOWLEDGMENT RE: STIPULATED PROTECTIVE ORDER
### (Access to Confidential Information)

---

I, _____, have been given a copy of and

have read the Stipulated Protective Order entered in the above proceeding.  I understand

its contents and agree that I will be and am bound by its terms.  I submit to the

jurisdiction of this Court for any purpose related to the enforcement of this Stipulated

Protective Order.

      DATED this _____ day of _____, 2006.

                     _____
                     Signature

                     _____
                     Name

                     _____
                     Address

